# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 27, 2017
No. 14-921V

* * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| HARVEY WALKER, | |
| | UNPUBLISHED OPINION |
| Petitioner, | |
| v. | Special Master Gowen |
| | |
| SECRETARY OF HEALTH | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | Special Master's Discretion |
| | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Ronald Homer, Conway Homer, P.C., Boston, MA for petitioner.
Glenn MacLeod, U.S. Department of Justice, Washington, D.C. for respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 29, 2014, Harvey Walker ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that he suffered rheumatoid arthritis as a result of a trivalent influenza ("flu") vaccine administered on or about September 8, 2012. Stipulation at ¶ 5. On December 5, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 51.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 31, 2017, petitioner filed a Motion for Attorneys' Fees and Costs ("Mot."). ECF No. 56. Petitioner requests attorneys' fees in the amount of $22,636.70, attorneys' costs in the amount of $3,828.92, and petitioner's costs in the amount of $350.00. Id. Thus, the total amount requested is $26,815.62. Id. On April 3, 2017, petitioner filed his signed statement consistent with General Order #9 that he incurred $350.00 in costs related to the prosecution of this claim and that he paid no retainer to his counsel. ECF No. 57.

On April 17, 2017, respondent filed a response to petitioner's motion. ECF No. 58. Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

### I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa—15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. Id. In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement and is therefore entitled to an award of reasonable attorneys' fees and costs. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

**A.     Reasonable Hourly Rate**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d 1517 at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice

and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

In this case, petitioner requests a total of $22,636.70 in attorneys' fees as follows:
- $8,929.30 for work performed by Ms. Ciampolillo (28.3 hours at $300 per hour, 0.1 hours at $213.00 per hour, and 2 hours at $209 per hour);
- $87.00 for work performed by Mr. Pepper (0.3 hours at $290 per hour);
- $1,431.00 for work performed by Ms. Faga (5.4 hours at $265 per hour);
- $308.00 for work performed by Ms. Daniels (1.10 hours at $280 per hour);
- $1,200.00 for work performed by Ms. Chin-Caplan (3 hours at $400 per hour);
- $2,280.00 for work performed by Mr. Homer (5.7 hours at $400 per hour);
- $3,451.00 for work performed by law clerks (23.8 hours at $145 per hour); and
- $4,950.40 in paralegal fees (27 hours at $135 per hour, 9.2 hours at $112 per hour, and 2.5 hours at $110 per hour)

Mot. Tab A at 29.

The requested rate of $265 per hour for Ms. Faga was recently approved by Chief Special Master Dorsey in Thomure v. Sec'y of Health & Human Servs., No. 15–322v, 2016 WL 3086389 (Fed. Cl. Spec. Mstr. April 12, 2016). The rates for the other individuals are all consistent with the rates awarded to them in McCulloch v. Sec'y of Health & Human Servs., No. 09–293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Accordingly, the undersigned finds that the requested rates and hours expended are reasonable.

**B.     Reasonable Costs**

Petitioner requests a total of $3,828.92 in attorneys' costs. Mot. at 1. The requested costs consist *intra alia*, of the filing fee, expert fees, and medical record fees. See generally Mot., Tab A. Petitioner also requests a total of $350.00 in petitioner's costs. Mot. at 1. Petitioner's costs consist of one payment toward the filing fee. Mot., Tab A at 28. The undersigned finds petitioner's requested costs to be reasonable.

## II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. Petitioner's counsel submitted receipts for his costs and documented petitioner's costs in his billing entries, which the undersigned has also reviewed and finds reasonable. Mot., Tab A.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $26,815.62[3] as follows:**

1) **A lump sum in the amount of $26,465.62, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Mr. Harvey Walker and his counsel, Ronald Homer of Conway Homer, P.C.**

2) **A lump sum in the amount of $350.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Mr. Harvey Walker.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.